**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Russell L. Newsome,                             :          Case No. 1:08 CV 1938

    Petitioner,                                   :

v.                                                            :          **MAGISTRATE'S REPORT
                                                                         AND RECOMMENDATION**

Margaret Bradshaw, Warden,
                                                              :
    Respondent.

    This case, filed pursuant to 28 U.S.C. § 2254[1], was referred to the undersigned Magistrate pursuant to Local Rule 72.2[2].  Pending is Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1), Respondent's Return (Docket No. 7) and Petitioner's Traverse (Docket No. 9).  For the reasons that follow, the Magistrate recommends that Petitioner's Writ be denied and the referral to the Magistrate terminated.

---

[1] The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C.A. § 2254 (Thomson/West 2007).

[2] Rule 72.2 Assignment and Referral of Matters to Magistrate Judges
    **(a) General.**  The method for assignment of duties to a Magistrate Judge and for the allocation of duties among the several Magistrate Judges of this Court shall be made in accordance with orders of the Court or by special designation of a District Judge.

# I. FACTUAL BACKGROUND

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court, the factual findings made by a state court in the direct appeal are presumed to be correct. *Keith v. Mitchell*, 455 F.3d 662, 666 (6th Cir. 2006) (*citing* 28 U.S.C. § 2254 (e) (1) (2006)).

In *State of Ohio v. Russell L. Newsome*, the Court of Appeals for the Eleventh District made the following statement of facts.

> {¶ 2}  Newsome originally pled guilty to the Felonious Assault and Escape charges as part of a negotiated plea agreement, which resulted in three other charges pending against him being dismissed.  These charges arose from a January 12, 2003 incident in which Newsome forced his way into the home of Hargis Hall and stabbed him. Subsequent to his arrest on this charge, Newsome broke free from his holding cell.
>
> {¶ 3}  On May 16, 2003, the trial court sentenced Newsome to eight years in prison for his Felonious Assault and two years for his Escape convictions, to be served consecutively.  The trial court ordered that this sentence be served consecutively to consecutive 12 month sentences imposed the previous day following a trial held in Case Number 2002-CR-332, in which Newsome was convicted on two counts of Assault on a Peace Officer, for a total of twelve years in prison.  Newsome appealed the trial court's judgment of sentence on May 30, 2003.  On March 11, 2005, this court affirmed the trial court's judgment.

*State v. Newsome,* 2007 Ohio App. LEXIS 2919, at *1-2 (2007).

# II. PROCEDURAL BACKGROUND

A.  *Indictment*

During the January 2003 term, the jurors of the grand jury of the State of Ohio, Ashtabula County, indicted Petitioner as follows:

Count One:     One count of attempted murder pursuant to OHIO REV. CODE §§ 2923.02 and 2903.02
Count Two:     One count of felonious assault pursuant to OHIO REV. CODE § 2903.11.
Count Three:   One count of burglary pursuant to OHIO REV. CODE § 22911.12.
Count Four:    One count of vandalism pursuant to OHIO REV. CODE § 2909.05.
Count Five:    One count of escape pursuant to OHIO REV. CODE § 292921.34.
Count Six:     One count of breaking and entering pursuant to OHIO REV. CODE §

2912911.13.

(Docket No. 7, Exhibit 1).

B.     *Change of Plea Proceeding on March 28, 2003*

Petitioner withdrew his former plea of not guilty and entered a plea of guilty to two charges, Count Two-felonious assault, a second degree felony, and Count Five-escape, a felony of the third degree. Counts One, Three, Four and Six were dismissed. The trial court accepted Newsome's plea and found him guilty on the remaining counts (Docket No. 7, Exhibit 2).

C.     *Sentencing on May 16, 2003*

As to Count Two, Petitioner was sentenced to a term of eight years. As to Count Five, Petitioner was sentenced to a term of two years. The sentences are to be served consecutively, and consecutively to the two year sentence imposed in Case No. 02 CR 332.

Upon completion of the prison term, the Petitioner is subject to a period of post-release control of up to three years (Docket No. 7, Exhibit 3).

D.     *Appeals*

In his direct appeal to the Court of Appeals for the Eleventh Appellate District, Petitioner asserted a single assignment of error[3]. On March 14, 2005, the Court of Appeals overruled Petitioner's assignment of error and affirmed the judgment of the trial court (Docket No. 7, Exhibit 6).

Petitioner, through counsel, filed a memorandum in support of jurisdiction on April 26, 2005[4] (Docket No. 7, Exhibit 7). Upon consideration of the jurisdictional memoranda, the Ohio Supreme

---

[3] Petitioner claimed that (1) the trial court erred in ordering his sentences be served consecutively.

[4] Petitioner made claim that Ohio Revised Code § 2929.14(E)(4), which allows a court to impose consecutive sentences solely upon a judicial finding that certain facts exist, violates a criminal defendant's rights protected by the Sixth Amendment to the United States Constitution.

Court reversed the decision of the court of appeals and remanded the case to the trial court for resentencing consistent with the opinions of *State v. Quinones* and *State v. Foster*, 845 N.E.2d 470 (Ohio 2006) (Docket No. 7, Exhibit 10).

On August 3, 2006, the trial court held the resentencing hearing.  The trial court issued a judgment identical to the initial sentence issued on May 16, 2003 (Docket No. 7, Exhibit 11).  On August 15, 2006, the court filed an amended judgment entry of service to correct jail time credit (Docket No. 7, Exhibit 12).  On January 22, 2007, the court filed a second amended judgment of entry of service to correct jail time credit (Docket No. 7, Exhibit 13).

On his second direct appeal to the Court of Appeals for the Eleventh Appellate District, Petitioner asserted two assignments of error in regard to the resentence[5].  On June, 22, 2007, the Court of Appeals overruled Petitioner's assignments of error and affirmed the judgment of the trial court (Docket No. 7, Exhibit 17).

Petitioner, through counsel, filed a memorandum in support of jurisdiction on July 28, 2007[6] (Docket No. 7, Exhibit 18).  Upon consideration of the jurisdictional memoranda, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Docket No. 7, Exhibit 20).

Petitioner's counsel filed this habeas petition on August 12, 2005.

### III.  JURISDICTION

---

[5] Petitioner claimed that (1) the trial court erred to Petitioner's prejudice by imposing more than the minimum sentence; and (2) Petitioner received ineffective assistance of counsel at his sentencing when trial counsel failed to object to the court's imposition of a sentence in violation of his rights under the Sixth and Fourteenth Amendments to the Constitution of the United States.

[6] Petitioner made claim that (1) the remedy set forth in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), violates the Ex Post Facto and Due Process Clauses of the United States Constitution; and (2) Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, of the Ohio Constitution, for failing to object to the trial court's retroactive application of the remedy set forth in *Foster*.

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States.  *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).  Petitioner satisfies both prongs of the requirements for habeas jurisdiction.  He pled guilty in Ashtabula County Court of Common Pleas and he is incarcerated at the Grafton Correctional Institution in Grafton, Ohio, as a result of his conviction (Docket No. 1, p. 1).  Petitioner is in custody for purposes of habeas jurisdiction.

Petitioner alleges that the remedy articulated in *Foster*, and retroactively applied in this case, violates the Ex Post Facto and Due Process Clauses of the United States Constitution.  Petitioner further alleges that trial counsel provided ineffective assistance in violation of the Sixth and Fourteenth Amendments.  Such claims, if true, are phrased sufficiently to allege a denial of violation of the constitution or laws or treaties of the United States.

The Magistrate finds that this Court has subject matter jurisdiction to consider Petitioner's Section 2254 Petition.

## IV.  EVIDENTIARY HEARING

A habeas petitioner has a limited right to an evidentiary hearing.  *Parsons v. Money,* 2007 WL 649283, *9 (N.D. Ohio 2007).  In fact, a district court need not conduct an evidentiary hearing "unless one of the eight circumstances listed in [former] 28 U.S.C. § 2254(d) is present."  *Beuke v. Houk,* 537 F.3d 618, 655 (6th Cir. 2008) (*citing McMillan v. Barksdale,* 823 F.2d 981, 983 (6th Cir. 1987) (*citing Loveday v. Davis,* 697 F.2d 135 (6th Cir. 1983)).  These circumstances include:  (1) when a factual dispute is not resolved in state court; (2) when the state court's fact finding procedure is inadequate to afford a full and fair hearing; (3) when material facts are not adequately developed in

state court; (4) when the state court lacks jurisdiction; (5) when the state court fails to appoint counsel; (6) when the petitioner does not receive an adequate hearing in state court; (7) when the petitioner is denied due process in state court; and (8) when the district court determines that a material fact determination is not fairly supported by the record. *Id.* (*citing* 28 U.S.C. § 2254(d) (1994)). "These circumstances must be shown by the petitioner, admitted by the state, or 'otherwise appear' from the record." *Id.* (*citing McMillan, supra*, 823 F.2d at 984).

Petitioner does not seek a hearing to present evidence in support of his claims. Given that no request has been made, an evidentiary hearing will not be held.

### V.  HABEAS CORPUS STANDARD

In determining whether to issue a habeas writ, the standards set forth in the AEDPA govern the district court's review of a state court decision. *French v. Jones,* 332 F.3d 430, 435-36 (6th Cir. 2003), *cert. denied,* 124 S. Ct. 581 (2003). The AEDPA only provides habeas relief for a state prisoner in certain circumstances. *Id.* An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* (*citing* 28 U.S.C. § 2254(d) (2001)).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Id.* Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## VI. ANALYSIS

Petitioner's claims in the Petition for Writ of Habeas Corpus are categorized as follows:

(1) The trial court violated the *Ex Post Facto* and Due Process Clauses when it retroactively applied the remedy of non-minimum and maximum sentences articulated by the Ohio Supreme Court in *State v. Foster*, 845 N.E.2d 470 (2006).
(2) Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, for failing to object to the trial court's imposition of non-minimum, maximum sentences.

Respondent contends that:

(1) The trial court's imposition of a more-than-minimum sentence, and consecutive sentences, resulted in no constitutional violation, as a non-mandatory consideration of basic sentencing principles is reasonably compliant with the U.S. Supreme Court's opinion in *Blakely v. Washington*.
(2) The trial court's sentence did not violate the *Ex Post Facto* Clause of the U.S. Constitution, as Petitioner had fair warning of the criminality of his conduct, and his penalty was not enhanced.
(3) Petitioner did not receive ineffective assistance of counsel and he was not prejudiced by the outcome of his re-sentencing.

**1. THE TRIAL COURT'S RETROACTIVE APPLICATION OF THE REMEDY SET FORTH IN *FOSTER* VIOLATED THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION.**

Petitioner contends that on February 27, 2006, while his case was pending, the Ohio Supreme Court held that portions of Ohio's felony sentencing statutes violated the Sixth Amendment to the United States Constitution.[7] *Foster*, 845 N.E.2d at 477. In particular, OHIO REV. CODE §§ 2929.14(B) and 2929.14(C) were among the sections declared unconstitutional pursuant to the ruling

---

[7] The court notes that the decision in *Foster* has been abrogated in part. *Oregon v. Ice*, 129 S. Ct.711 (2009). The issue in *Ice* regarded whether there exists a Sixth Amendment right to have the jury, not the judge, find facts that permit the imposition of consecutive sentences. *Id.* at 716.

7

in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and were therefore severed. *Id*. at 490, 497. The severance of these sections gave Ohio's judges discretion to impose any prison sentence within the sentencing range for the particular degree of felony and/or to impose consecutive sentences without making specific findings. *Id*. at 498. The *Foster* court also ordered that all cases pending on direct review were to be remanded for new sentencing hearings not inconsistent with the *Foster* opinion. *Id*. at 499.

Petitioner argues that at his post-*Foster* resentencing, the trial court could not impose non-minimum or maximum sentences because a jury did not make the necessary findings to support such a sentence. Petitioner contends that since the alleged crime occurred pre-*Foster*, any sentence including non-minimum or maximum prison terms, but omitting findings required by OHIO REV. CODE §§ 2929.14(B), (C) (2003), violated the Ex Post Facto and Due Process Clauses of the Constitution.

### A. NON-MINIMUM OR MAXIMUM SENTENCING

In *Foster*, the Ohio Supreme Court held that certain Ohio felony sentencing statutes violated the Sixth Amendment in the manner set forth in *Blakely v. Washington*, 124 S. Ct. 2531 (2004)[8]. *Foster*, 845 N.E.2d at 477. The *Foster* court further held that a severance remedy similar to the one adopted in *United States v. Booker*, 125 S. Ct. 738 (2005), would be applied. *Id*. The United States Supreme Court in *Booker*, found that sentencing guidelines violated the Sixth Amendment because they mandated the judge rather than a jury to make findings of fact necessary for punishment. *Id*. at 479 (*see Booker*, 125 S. Ct. at 756). In *Booker*, the Supreme Court determined that the Federal Sentencing Guidelines should be used as an advisory, rather than mandatory plan. *Booker*, 125 S. Ct.

---

[8] In *Blakely*, the Supreme Court determined that a state judge's imposition of a sentence exceeding the statutory maximum, based on that judge's finding that defendant had acted with deliberate cruelty, violated the Sixth Amendment right to jury trial. *Blakely*, 124 S. Ct. at 2534, 2538.

at 756-57.  *Booker* converted the guidelines from mandatory to advisory through severance of the portions that used mandatory language.  *Foster*, 845 N.E.2d at 496 (*see Booker*, 125 S. Ct. at 767).  The Supreme Court has further determined that sentencing left to the discretion of the judge, does not infringe upon the Sixth Amendment or the traditional role of the jury.  *Blakely*, 124 S. Ct. at 2540.  The court in *Foster*, like the Supreme Court mandated in *Booker*, applied their holding to all cases on direct review.  *Foster*, 845 N.E.2d at 499 (*citing Booker*, 125 S. Ct. at 769) (*quoting Griffith v. Kentucky,* 107 S. Ct. 708 (1987)("'[a] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases … pending on direct review or not yet final)).'"

In this case, Petitioner is alleging that the pre-*Foster* sentencing rules should be applied, the very rules that the Ohio Supreme Court found unconstitutional in the manner set forth in *Blakely*.  Petitioner's argument that the *Foster* remedy should not be retroactively applied, directly conflicts with the decision in that case.  Like the Supreme Court in *Booker*, the Ohio Supreme Court expressly stated that their holding in *Foster* would be applied to all cases on direct review.  The *Foster* opinion permits trial courts to impose a sentence beyond the statutory minimum.  The trial judge, as in this case, is free to use his or her discretion in sentencing.  Here, during the resentencing of the Petitioner, there was no indication that the trial judge used the severed portions of Ohio's sentencing guidelines as mandatory factors in determining the sentence.  The Supreme Court has held that a trial judge's non-binding assessment of factors in calculating a sentence does not violate the Sixth Amendment.  Likewise, more than the minimum sentencing, within a statutorily defined range, does not violate the Due Process Clause.

**B.     EX POST FACTO ARGUMENT**

Petitioner alleges that the imposition of the sentence violated the Ex Post Facto Clause of the United States Constitution.  Petitioner argues that since the crime was committed before the decision

in *Foster*, judicial fact findings formerly mandated by OHIO REV. CODE §§ 2929.14(B) and 2929.14 (C) should have been used at his resentencing.  Petitioner concludes that the failure to make these factual findings resulted in a violation of the Ex Post Facto Clause.

The United States Constitution provides that no state shall pass ex post facto laws.  U.S. CONST. art. I, § 10, cl. 1.  The Ex Post Facto Clause forbids Congress to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."  *U.S. v. Ristovski*, 312 F.3d 206, 210 (6th Cir. 2002) (*citing Weaver v. Graham,* 101 S.Ct. 960, 963-64 (1981) (footnote omitted) (*quoting Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 325-26 (1866)).  "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto:*  it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it."  *Id.* (*citing Weaver,* 101 S.Ct. at 964 (footnote omitted); *See also Kellogg v. Shoemaker,* 46 F.3d 503, 509 (6th Cir.1995).  No ex post facto violation occurs if a change does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance."  *Id.* (*citing Miller v. Florida,* 107 S.Ct. 2446, 2451(1987) (*quoting Dobbert v. Florida,* 97 S.Ct. 2290, 2298 (1977)).  "Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto."  *Id.* (*citing Dobbert,*, 97 S.Ct. at 2298; *See also Landgraf v. USI Film Products,* 114 S.Ct. 1483, 1502 (1994)).  On the other hand, a change in the law that alters a substantial right can be ex post facto "even if the statute takes a seemingly procedural form."  *Id.* at 210-211 (*citing Weaver, supra*, 101 S.Ct. at 965; *Thompson v. Utah,* 18 S.Ct. 620, 624 (1898); *Kring v. Missouri,* 2 S.Ct. 443, 452 (1883)).

Although the Sixth Circuit has rejected ex post facto challenges to the retroactive application of *Booker*, *see United States v. Barton*, 455 F.3d 649 (6th Cir. 2006), in this case, Petitioner's

10

criminal conduct was prohibited by Ohio statutes well before the *Foster* decision. The Ohio statutes provided him notice with the sentence he could receive. The remedy set forth in *Foster* did not enlarge the penalty; rather, it eliminated judicial fact finding in sentencing. When the Petitioner committed the crime at issue, he had fair notice that he could be sentenced to more than the statutory minimum. The decision in *Foster* merely changed the procedure in imposing non-minimum sentences. Petitioner has failed to demonstrate that the retroactive application of the remedy set forth in *Foster*, violates the ex post facto clause of the United States Constitution. The claim lacks merit.

**2.  TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE FOR FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF NON-MINIMUM, MAXIMUM SENTENCES.**

Petitioner argues that the trial court was required to sentence Petitioner under the statutes that were in effect at the time of the purported crimes, and not under the decision set forth in *Foster*. Petitioner further argues that trial counsel acted unreasonably when they did not object to the imposition of non-minimum, maximum sentences at the resentencing hearing. In effect, Petitioner is arguing that had his counsel objected, the non-minimum, maximum sentences would not have been imposed.

Attorney error may constitute a violation of a right to counsel under the Sixth Amendment if his or her performance falls below a level of competence as defined under prevailing norms and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* As a general rule, trial counsel's strategic decisions on how the trial is to be conducted are afforded great deference. *Ege v. Yukins,* 485 F.3d 364, 378 (6th Cir. 2007) (*citing Strickland,* 104

S.Ct. at 2065) (holding that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"); *see also Wiggins v. Smith,* 123 S.Ct. 2527, 2535 (2003) (declining to articulate "specific guidelines" for trial counsel conduct, and instead emphasizing that "the proper measure of attorney performance remains simply reasonableness under prevailing professional norms)."

In this case, Petitioner's resentence did not violate the Ex Post Facto or Due Process Clauses for the reasons discussed above. Therefore, Petitioner's counsel was not ineffective for failing to object to the non-minimum, maximum sentences. The decision in *Foster* excised the very provisions of Ohio's felony sentencing statutes that Petitioner argues should have been followed in his resentencing. Further, Petitioner has failed to persuade the Magistrate that he was prejudiced by the resentencing. In Petitioner's original sentence, prior to the *Foster* decision, Petitioner received twelve years imprisonment. The same term of imprisonment was received at Petitioner's resentencing. It does not appear that the process was undermined or the defense was rendered meaningless. Petitioner's second assignment of error is without merit.

## VII. CONCLUSION

In view of the foregoing, the Magistrate Judge recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the Magistrate Judge.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Dated: October 6, 2009

## VIII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached

hereto has been filed.

Please be advised that, pursuant to rule 72.3(b) of the local rules for this district, the parties have ten (10) days after being served in which to file objections to said report and recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the sixth circuit court of appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.