IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Russell L. Newsome,                      Case No. 1:08 CV 1938

             Petitioner,                    MEMORANDUM OPINION
                                           AND ORDER

     -vs-

                                            JUDGE JACK ZOUHARY

Tim Brunsman,

             Respondent.

## INTRODUCTION

Petitioner Russell Newsome, a prisoner in state custody at Grafton Correctional Facility in Grafton, Ohio, filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a). Petitioner alleges his detention violates the ex post facto and due process clauses of the U.S. Constitution, and also alleges ineffective assistance of counsel.

The case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). The Magistrate Judge recommended the Court deny the Petition (Doc. No. 10).

Petitioner filed an Objection (Doc. No. 12) to the Magistrate's R&R. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the recommendation to deny the Petition.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the record, and this Court adopts them in their entirety (Doc. No. 10, at 2-4). In 2003, Petitioner was sentenced to eight years in prison for Felonious Assault, and two years for Escape, to be served consecutively.

In 2006, in light of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1 (2006), Petitioner was re-sentenced to a sentence identical to the original sentence, with credit for time served. Petitioner now argues the re-sentencing was made in error.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, requires a federal habeas court to limit its analysis to the law as it was "clearly established" by the U.S. Supreme Court at the time of the state court decision.[1]

The Supreme Court provided direction on the application of this standard in *Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" prong of § 2254(d)(1), a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Id.* at 405-06.

The "unreasonable application" prong of § 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts" of petitioner's case. *Id.* at 413. The "unreasonable application" requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 76

---

[1] The relevant section of AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(2003) (citing *Williams*, 529 U.S. at 407). Rather, the state court's application must have been "objectively unreasonable." *Williams*, 529 U.S. at 409. Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

## ANALYSIS

*Ex Post Facto Challenge*

The United States Constitution provides that no state shall pass ex post facto laws. U.S. Const. art. I, § 10, cl. 1. The Ex Post Facto Clause forbids Congress from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *U.S. v. Ristovski*, 312 F.3d 206, 210 (6th Cir. 2002) (citing *Weaver v. Graham*, 101 S. Ct. 960, 963-64 (1981) (footnote omitted) (quoting *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325-26 (1866)). "[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Id.* (citing *Weaver*, 101 S.Ct. at 964 (footnote omitted); *see also Kellogg v. Shoemaker*, 46 F.3d 503, 509 (6th Cir. 1995). No ex post facto violation occurs if a change does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance." *Id.* (citing *Miller v. Florida*, 107 S. Ct. 2446, 2451 (1987) (quoting *Dobbert v. Florida*, 97 S. Ct. 2290, 2298 (1977))). "Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto." *Id.* (citing *Dobbert*, 97 S. Ct. at 2298); *see also Landgraf v. USI Film Prods.*, 114 S. Ct. 1483, 1502 (1994). On

3

the other hand, a change in the law that alters a substantial right can be ex post facto "even if the statute takes a seemingly procedural form." *Id.* at 210-11 (citing *Weaver*, 101 S. Ct. At 965; *Thompson v. Utah*, 18 S. Ct. 620, 624 (1898); *Kring v. Missouri*, 2 S. Ct. 443, 452 (1883)).

Although the ex post facto prohibition found in the federal constitution applies exclusively to legislation, the United States Supreme Court has held that state supreme courts are barred by the Due Process Clause from violating ex post facto principles through judicial remedies. *See Rogers v. Tenn.*, 532 U.S. 451, 456-57 (2001).

Petitioner's argument centers on the re-sentencing court's application of *State v. Foster*, 109 Ohio St. 3d 1 (2006). *Foster* struck down certain provisions of Ohio's sentencing guidelines that permitted sentencing enhancements based on judicial fact-finding. The court severed the two unconstitutional enhancements -- Revised Code §§ 2929.19(B)(2) and 2929.14(E)(4) -- related to consecutive sentences in Ohio's sentencing guidelines. *Foster*, 109 Ohio St. 3d at 29-30. The court then held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at 30. The *Foster* court also ordered that all cases pending on direct review were to be remanded for new sentencing hearings not inconsistent with the *Foster* opinion. *Id.* at 31. Petitioner's case was pending appeal and therefore remanded for re-sentencing.

Petitioner argues that *Foster* altered his substantial rights, and therefore violates ex post facto prohibitions, no longer requiring the trial judge to make findings before imposing a greater than minimum sentence. This is not the case. Petitioner's criminal conduct was prohibited by Ohio statutes long before *Foster,* and those same statutes provided him notice of the sentence he could receive. *Foster* did not enlarge the penalty, but instead conformed Ohio's sentencing practices with

4

*Blakely v. Washington*, 542 U.S. 296 (2004) (holding that in the context of mandatory state law sentencing guidelines, state court judges are prohibited from enhancing criminal sentences based on facts other than those decided by the jury or admitted by the defendant). *See Arias v. Hudson*, 589 F.3d 315 (2009) (recognizing *Foster* correctly determined Ohio's sentencing scheme violated *Blakely*). A statutory minimum sentence is just that -- the *minimum* possible sentence for a crime, not *the* sentence for a crime.

When Petitioner committed the crime at issue, he had fair notice he could be sentenced to more than the statutory minimum. "The Sixth Amendment jury trial right simply ensures that the defendant will never get *more* punishment than he bargained for when he did the crime; it does not promise that he will receive anything less than that." *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (internal quotations omitted). The "ex post facto challenge fails because there has been no increase in potential punishment." *State v. Elmore*, 122 Ohio St. 3d 472, 477 (2009) (rejecting an ex post facto challenge to the applicability of *Foster* on re-sentencing).

Petitioner fails to demonstrate that the retroactive application of the remedy set forth in *Foster* violates the Ex Post Facto Clause of the United States Constitution. Petitioner did not receive a sentence greater than that allowed under the laws of Ohio at the time he committed his crime, and *Foster* therefore did not alter Petitioner's substantial rights.

*Challenge to the severance in* Foster

Petitioner also argues the severance of the Ohio statute imposed by *Foster* is unconstitutional because it went further than the severance of the federal statute imposed by *U.S. v. Booker*, 543 U.S. 220, 259 (2005). Petitioner does not explain how this allegedly greater severance meets the standard for habeas relief. Petitioner compares the severance in *Booker* with that in *Foster*, but without any

5

explanation of how the *Foster* severance was an "unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Other states have adopted similar approaches applying *Blakely*. *See, e.g. State v. Natale*, 878 A.2d 724, 739-42 (N.J. 2005); *Smylie v. State*, 823 N.E.2d 679, 685-86 (Ind. 2005). Yet there are no Supreme Court or other federal court decisions holding such a severance remedy unconstitutional. Because the application of the *Foster* severance to Petitioner's resentencing was not an "unreasonable application of clearly established federal law," habeas relief is inappropriate on this ground as well.

*Ineffective Assistance of Counsel*

Petitioner's ineffective assistance of counsel claim is based on his counsel's failure to raise the ex post facto argument at re-sentencing. However, because the re-sentencing court did not err in its application of *Foster*, as explained above, Petitioner's counsel was not remiss in failing to raise this argument.

## CONCLUSION

After conducting a *de novo* review, Petitioner's Objections are found not well taken. The Magistrate's Report and Recommendation is adopted. The Petition (Doc. No. 1) is dismissed. Further, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 20, 2010